IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELVIN MAURICE BOSWELL, #285-115   :

   Petitioner   :

      v.   :   Civil Action No. DKC-06-1157

JACK CRAGWAY, JR., WARDEN, et al.   :

   Respondents   ..o0o..

**MEMORANDUM**

Before the court is a pro se 28 U.S.C. §2254 petition filed by Melvin Maurice Boswell, a state prisoner incarcerated at the Jessup Pre-Release Unit, challenging his 2001 conviction in the Circuit Court for Prince George's County for robbery with a deadly weapon.[1] Counsel for Jack Cragway, Warden of the Maryland Correctional Pre-Release System, and J. Joseph Curran, the Attorney General of Maryland, has filed an answer and exhibits seeking dismissal of the petition as time-barred.[2]

Upon review of the pleadings, the court finds no need for an evidentiary hearing. *See* 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts*.* The Petition is time-barred under 28 U.S.C. §2244(d)(1) and will be dismissed by separate order.

---

[1] The court has reconsidered its previous denial of Boswell's Motion to Proceed in Forma Pauperis. The Court will grant Boswell in forma pauperis status in light of his very low income.

[2] In accordance with *Hill v. Braxton,* 277 F.3d 701, 707 (4th Cir. 2002), Petitioner was granted thirty days to explain why the petition was timely or why principles of equitable tolling should apply. Petitioner has not filed a reply. Further, Petitioner has neither asserted, nor do the pleadings suggest, any circumstances to justify equitable tolling. *See Rouse v. Lee*, 339 F. 3d 238, 246 ( 4th Cir. 2003); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000).

**I.  Procedural History**

On June 1, 1999, the Circuit Court for Prince George's County sentenced Boswell to fifteen years imprisonment after he pleaded guilty to robbery with a deadly weapon.  Resp. Ex. 1 at 6.  On June 9, 1999, Boswell filed a Motion for Reconsideration of Sentence which was denied by the Circuit Court on July 12, 1999.  *See id.* at 7.  Boswell did not file for leave to appeal the entry of his guilty plea.  Resp. Ex. 1.

Boswell commenced post-conviction proceedings in the Circuit Court for Prince George's County on December 4, 2002.  *See id.* at 7.   The Court conducted a post-conviction hearing on November 4, 2003.  Post-conviction relief was denied by order entered on November 17, 2003.  *See id.* at 8.  By unreported opinion filed on August 27, 2004, the Court of Special Appeals summarily denied Boswell's application for leave to appeal the decision of the post-conviction court, and the mandate issued on September 28, 2004.  Resp. Ex. 2.

On July 25, 2005, Boswell filed a pleading that the Circuit Court construed as a Motion to Reopen Post-Conviction Proceedings.  Resp. Ex. 1 at 9.  The Circuit Court denied the Motion by Order entered on February 14, 2006.  Exhibit 1 at 9.  Boswell did not file an application for leave to appeal the Circuit Court's denial of the Motion to Reopen.  The instant petition for federal habeas corpus relief, dated "April, 2006" was received by the Clerk on May 5, 2006.[3]   Petition at 7.

**II.  Statute of Limitations**

A one-year statute of limitations applies to federal habeas petitions challenging non-capital

---

[3]     The court will assume for the purposes of this decision that it was delivered to prison officials and therefore filed on April 1, 2006. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey,* 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison  mailbox" rule).

2

state convictions. *See* 28 U.S.C. § 2244(d).[4]  This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

**III.  Analysis**

Under the facts described above, Boswell's convictions became final for the purpose of assessing the timeliness of the Petition on August 11, 1999, when the time for filing leave to appeal expired. *See* Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(e) (2003) (providing that application for leave to appeal is filed within thirty days after entry of judgment or order from which appeal is sought). The one-year limitations period under 28 U.S.C. § 2244(d) began running on August 12,

---

[4]   This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1999, and there were no properly filed state post conviction proceedings pending between: 1) August 12, 1999 and December 4, 2002 (thirty-nine months); 2) September 28, 2004 and July 25, 2005 (nine months); and 3) March 16 and April 1, 2006 (fifteen days). These periods combined exceed four years. Accordingly, the instant petition for federal habeas relief was filed outside the limitations period and will be dismissed as time-barred. A separate Order consistent with this Memorandum follows.

__8/30/06_____  
Date

_____/s/_____  
DEBORAH K. CHASANOW  
United States District Judge